# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2145 | **DATE** | July 26, 2004 |
| **CASE TITLE** | *Builders Bank v. SWH Funding* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] SWH's motion to dismiss for lack of personal jurisdiction [8-1] is denied. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 2 9 2004 | |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | | 12 |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| RTS/c | courtroom deputy's initials | U.S. DISTRICT COURT CLERK  2004 JUL 28  PM 3: 58  FILED-EOD  Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

BUILDERS BANK,                          )
      Plaintiff,                  )
                          )
      v.                          )    04 C 2145
                          )
                          )
SWH FUNDING CORPORATION,                )
      Defendant.                  )

JUL 2 9 2004

## MEMORANDUM AND ORDER

Plaintiff Builders Bank entered into a participation agreement with defendant SWH

Funding Corporation governing financing of a loan to Hamilton Plaza. Hamilton filed for

bankruptcy under Chapter 11 and SWH eventually paid Builders some, but not all, of the money

Builders claimed it was owed. Builders subsequently filed this diversity action seeking

declaratory judgment regarding SWH's obligations under the participation agreement. SWH has

filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), asserting that this court cannot

exercise personal jurisdiction over it. For the reasons set forth below, SWH's motion is denied.

## I.    Background

Builders Bank is an Illinois state chartered bank with its principal place of business in

Chicago, Illinois. SWH is a New Jersey corporation with its principal place of business in

Hackensack, New Jersey. SWH is in the business of making secured and unsecured commercial

and real estate loans. To do this, SWH sells participation in loans it makes to banks and other

financial institutions.

Sometime in 2000 or 2001, Sanford Herrick, SWH's Vice-President, spoke with Steve

Blumenthal, a New York City based real estate entrepreneur who was a SWH customer,

regarding the sale of participation in SWH real estate loans. Mr. Blumenthal told Mr. Herrick

about Michael Winters, a business contact of his who worked for Builders Bank in Chicago. Mr. Herrick told Mr. Blumenthal that he would be interested in speaking with Mr. Winters.

Mr. Winters subsequently called Mr. Herrick and the men arranged to meet in New York City to discuss the possibility of Builders Bank participating in a loan that SWH was considering making to Hamilton Plaza which would be secured by real estate in New York. After this meeting, Builders Bank employees visited the real estate in New York and met the Hamilton principals in New York. SWH's counsel in New York negotiated with Builders Bank and ultimately entered into a participation agreement.

This agreement stated that Builders Bank agreed to the exercise of jurisdiction in Illinois if litigation arose regarding the agreement. Complaint, Ex. B at ¶ & 24.9. It also stated that the agreement was made under and governed in every respect by Illinois law, required SWH to establish an interest reserve account with Builders Bank in Illinois, mail a statement to Builders Bank in Illinois after SWH made the initial payment on the loan, furnish Builders Bank with documents "from time to time," and pay Builders Bank its participation amount by wiring funds to Illinois. *See id.*

Builders Bank extended $1.5M of the total $2.7M loan to Hamilton Plaza. Builders Bank paid this amount to SWH in June of 2002, less Builders Bank's loan fee of $30,000, an interest reserve fund of $63,750, and $20,900 in travel and legal costs. Hamilton Plaza defaulted on the loan and filed a Chapter 11 bankruptcy petition in New York. After the default and bankruptcy filing, SWH made interest payments to Builders Bank. Eventually, the bankruptcy court authorized Hamilton Plaza to make principal and interest payments to SWH to pay off the mortgage loan. After SWH received monies pursuant to this order, it sent a check to Builders

Bank in Chicago. Builders Bank contends that SWH owes it more money and thus filed this suit.

## II. Discussion

### A. Standard for a Motion to Dismiss for Lack of Personal Jurisdiction

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) based on lack of personal jurisdiction, the court may consider matters outside the pleadings, such as affidavits and other materials submitted by the parties. *See* Fed. R. Civ. P. 12(b). The plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). In making its determination regarding personal jurisdiction, the court must resolve any factual disputes in the plaintiff's favor, but must accept the allegations in the complaint as true only to the extent that they are not controverted by other evidence in the record. *Id.* The court must also accept uncontested jurisdictional facts presented by the defendants as true. *Connolly v. Samuelson*, 613 F. Supp. 109, 111 (N.D. Ill. 1985).

Where the court's subject matter jurisdiction stems from diversity of citizenship, as in this case, the court may assert personal jurisdiction over a defendant only if personal jurisdiction would be proper in an Illinois court. *Michael J. Neuman & Assoc., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994). Under the Illinois long-arm statute, Illinois state courts have general jurisdiction over nonresident defendants "doing business" in Illinois and specific jurisdiction over nonresident defendants if the claims arise from their "transactions" in Illinois. 735 ILCS §§ 5/2-209(a) & (b).

The Illinois long-arm statute also contains a "catch-all" provision which allows Illinois state courts to assert personal jurisdiction to the maximum extent permitted by the Illinois and United States Constitutions. 735 ILCS § 5/2- 209(c). Thus, jurisdiction is coextensive with

federal due process requirements. *See, e.g., RAR, Inc. v. Tuner Diesel Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits when a state may assert in personam jurisdiction over nonresident defendants. *Pennoyer v. Neff*, 95 U.S. 714, 733 (1878). To assert personal jurisdiction consistent with federal due process, a defendant must have (1) "certain minimum contacts with the forum state such that (2) the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A court's assessment of personal jurisdiction under this standard depends on whether the "general" or "specific" jurisdiction is at issue. *RAR, Inc. v. Tuner Diesel Ltd.*, 107 F.3d at 1277, *quoting Helicopteras Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Id.* at 1277. General jurisdiction is applicable when the lawsuit neither arose nor was related to the defendant's contacts with the forum state. *Id.* Such jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the state. *Id.*

## B. Specific Jurisdiction

Here, the parties agree that the court may only potentially exercise specific jurisdiction over SWH. As noted above, specific jurisdiction applies when the court is asserting jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d at 1277, *citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. at 416. The court may exercise specific jurisdiction over SWH if it "purposefully established minimum contacts within the forum state" and those contacts "make personal jurisdiction fair and reasonable under the circumstances." *RAR, Inc. v. Turner Diesel,*

-4-

*Ltd.*, 107 F.3d at 1277, *quoting Burger King v. Rudzewicz*, 471 U.S. at 476-77. Here, SWH has enough contacts with Illinois that relate to Builders Bank's claims to satisfy both of these standards.

### 1. Minimum Contacts

In general, when examining a defendant's contacts with a particular state, the court must determine whether that defendant "purposefully availed itself of the privilege of conducting activities" in the forum state so that it "should reasonably anticipate being haled into court there." *RAR, Inc. v. Tuner Diesel Ltd.*, 107 F.3d at 1277. In other words, the focus of the court's inquiry must be on "the relationship among the defendant, the forum, and the litigation." *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.*, 906 F.2d 276, 283 (7th Cir. 1990). The main factor in the minimum contacts due process analysis is foreseeability. *Burger King*, 471 U.S. at 472-74. Contacts that are "random, fortuitous, or attenuated" are not sufficient to establish that a state's exercise of personal jurisdiction over the defendant had been foreseeable. *Heritage House*, 906 F.2d at 283.

Moreover, the Supreme Court directs federal courts to adopt a realistic approach, rather than a mechanical one, when accessing whether personal jurisdiction exists in a contract case. *See Burger King v. Rudzewicz*, 471 U.S. at 478-79; *see also International Shoe Co. v. Washington,* 326 U.S. at 319. While a nonresident defendant's contract with a resident defendant does not automatically establish the requisite minimum contacts, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" often indicate the defendant's "purposeful availment" and thus make litigation in the forum state foreseeable to the defendant. *See Burger King v. Rudzewicz*, 471 U.S. at 478-79; *see also Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 716 (7th Cir. 2002).

SWH contends that it could not reasonably anticipate being haled into court in Illinois because Builders Bank initiated the contact that led to the signing of the participation agreement and virtually all of the contacts between SWH and Builders Bank stemmed from Hamilton Bank's default under the loan and thus did not occur prior to the signing of the agreement. The court disagrees.

First, SWH purposefully availed itself of the privilege of conducting business activities in Illinois because it entered into an agreement governed by Illinois law with an Illinois bank. By signing the participation agreement, SWH reached out to Illinois by contracting for a loan with a Chicago bank. Second, it is entirely foreseeable that SWH could be haled into court in Illinois given that the participation agreement contained an Illinois choice of forum clause. It is true that the clause specifically binds only Builders Bank to an Illinois forum. However, given that the agreement did not contain any other language about a potential forum if SWH chose to file suit, it is disingenuous for SWH to profess total surprise about a complaint filed by Builder's Bank in Illinois.

Third, the participation agreement contemplated future consequences, that is, the performance of the agreement's terms over a period of months. For example, the agreement required SWH to establish an interest reserve account with Builders Bank in Illinois, mail a statement to Builders Bank in Illinois after SWH made the initial payment on the loan, furnish Builders Bank with documents "from time to time," and pay Builders Bank its participation amount by wiring funds to Illinois.

Fourth, SWH's relationship with Builder's Bank was not based on the unilateral actions of Hamilton Plaza, as SWH suggests. SWH and Builders Bank entered into a financing arrangement relating to Hamilton Plaza. Hamilton Plaza's default on the SWH/Builders Bank

loan was the cause of the parties' dispute regarding that arrangement, but SWH and Builders Bank had an independent contractual relationship which existed whether Hamilton Plaza paid its debts or defaulted. Finally, SWH sent a loan payment to Builders Bank in Illinois as contemplated by the participation agreement.

Accordingly, SWH's contacts with Illinois are not so random or based on the unilateral activity of another party that it could not have anticipated being haled into this forum. *See Burger King v. Rudzewicz*, 471 U.S. at 474-75. The court thus concludes that SWH purposefully availed itself of the privilege of conducting business in Illinois so as to reasonably anticipate being haled into court in Illinois. *See id.* at 478. The court thus turns to the second major component of the court's personal jurisdiction inquiry: whether SWH's contacts with Illinois make the exercise of jurisdiction in this court reasonable and fair under the circumstances.

## 2.     Traditional Notions of Fair Play and Substantial Justice

Federal due process requires that the exercise of personal jurisdiction over a nonresident defendant be reasonable. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Pertinent factors include: (1) the interest of the state in providing a forum to the plaintiff; (2) the interest of the state in regulating the activity involved; (3) the burden of defense in the forum on the defendant; (4) the relative burden of prosecution elsewhere on the plaintiff; (5) the extent to which the claim is related to the defendant's local activities; and (6) avoidance of a multiplicity of suits on conflicting adjudications. *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 115 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. at 472-73. Because no one factor is dispositive, the court must balance all of the factors. *Euromarket*, 96 F. Supp. 2d at 840. However, the most important factors to consider are the interests of the forum and the

relative convenience of litigating in that forum. *Kohler Co. v. Kohler Int'l, Ltd., et al.*, 196 F. Supp. 2d 690, 700 (N.D. Ill. 2002).

Illinois has an interest in this action because Builders Bank's principal place of business is in Illinois, it is an Illinois bank, and the participation agreement was made under and is governed by Illinois law. Moreover, SWH has failed to argue or establish that the burden of defending this action in Illinois would make it unreasonable to litigate this dispute in Illinois. *See Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 840 (N.D. Ill. 2000) (unless the inconvenience of having to litigate in the forum is so great as to deprive the defendant of due process, it will not overcome clear justifications for the exercise of jurisdiction).

In addition, the relative burden of prosecution elsewhere on the plaintiff balanced against the burden of proceeding in Illinois is in equipoise, as it would be just as inconvenient for Builders Bank to proceed in New York as it is for SWH to proceed here. Finally, the record does not show that the location of evidence and witnesses make it unreasonable to efficiently resolve this case in Illinois. In sum, Builders Bank has a strong interest in having its claim adjudicated in Illinois, since it is an Illinois bank with its principal place of business in Illinois, and the relative convenience of proceeding in Illinois does not militate in favor of dismissal. Accordingly, SWH's motion to dismiss for lack of personal jurisdiction is denied.

## III.  Conclusion

For the reasons stated above, SWH's motion to dismiss for lack of personal jurisdiction [8-1] is denied.

DATE: 

_____

Blanche M. Manning
United States District Judge

04cv2145.md

-8-